IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD FROSCH, TDCJ #02048475, | § § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 3:17-CV-332 |
| ROY GARCIA, *et al.*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff George Edward Frosch (TDCJ #02048475), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has been granted permission to proceed *in forma pauperis*. Frosch asserts that the defendants, who are both members of the Texas Board of Pardons and Paroles ("the Board"), have violated his right to procedural due process and violated the Double Jeopardy Clause in their handling of Frosch's consideration for early release (Dkt. 1 at pp. 3–4). He requests that the Court "file an injunction to where the [Board] can't deny liberty for the same things twice and make sure that we get a fair hearing with updated information" (Dkt. 1 at p. 4). The Court will dismiss the complaint for failure to state a claim. Specifically, the double jeopardy claim will be dismissed with prejudice for failure to state a claim, while the due process claim will be dismissed without prejudice as moot.

1

I. **BACKGROUND**

According to the TDCJ website, Frosch is currently incarcerated in TDCJ's Stringfellow Unit, and his serve-all date is in 2020. Frosch is eligible for release to mandatory supervision, which in Texas is essentially a form of parole under which early release is virtually assured (parole officials retain a modicum of discretion in the matter) once an inmate's time served added to his good-time credit equals the length of his sentence. *Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007). The Court takes judicial notice that, on June 5, 2017, the Board exercised its discretion and denied Frosch release to mandatory supervision, setting out the following reasons for its decision:

> 1D—**CRIMINAL HISTORY**—THE RECORD INDICATES THAT THE OFFENDER HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE.
>
> 3D—**DRUG OR ALCOHOL INVOLVEMENT**—THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.
>
> 4D—**INSTITUTIONAL ADJUSTMENT**—THE RECORD INDICATES THAT THE OFFENDER HAS AN UNSATISFACTORY INSTITUTIONAL ADJUSTMENT.
>
> 9D1—**DISCRETIONARY MANDATORY SUPERVISION**—THE RECORD INDICATES THAT THE OFFENDER'S ACCRUED GOOD CONDUCT TIME IS NOT AN ACCURATE REFLECTION OF THE OFFENDER'S POTENTIAL FOR REHABILITATION.
>
> 9D2—**DISCRETIONARY MANDATORY SUPERVISION**—THE RECORD INDICATES THAT THE OFFENDER'S RELEASE WOULD ENDANGER THE PUBLIC.[1]

---

[1] https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.action?sid=05155021&tdcj=02048475&fullName=FROSCH%2CGEORGE+EDWARD

The reasons given by the Board were drawn verbatim from the Board's directives, which set forth "specific reasons [that] will be utilized by the Board . . . when making a decision to grant or deny an offender's release to parole or mandatory supervision." Texas Board of Pardons and Paroles, Board Directive Number BPP-DIR. 145.303.[2] The Board's directives provide 11 reasons that may be given by the Board when it explains its decision about an offender's release. The first 10 reasons use boilerplate language, while reason number 11 is a catch-all entitled "other" that requires further elaboration by the Board. Although the language of the reasons is mostly boilerplate, the determination of their applicability is individualized; the directives explicitly state that the Board's written decision "will only contain those reasons which specifically apply to that offender." *Id.* For instance, as outlined above, the Board's most recent decision regarding Frosch cited reasons 1, 3, 4, and 9. Reason 9, which has two prongs, tracks Section 508.149(b) of the Texas Government Code, which bars the release of an otherwise eligible inmate to mandatory supervision if the Board determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) that the inmate's release would endanger the public. Reason 9 is basically the vehicle through which the Board exercises its modicum of discretion to deny release to mandatory supervision, and in the event of such a denial the Board's directives require it

---

[2] http://www.tdcj.state.tx.us/bpp/policies_directives/DIR%20145%20303_Notification%20of%20Panel%20Decision.pdf

3

to include both prongs of reason 9 in its statement of reasons. After the June 2017 denial, the Board set Frosch for reconsideration in June of 2018.

In his complaint, Frosch says that he was also considered for early release in March of 2016 and in January of 2017 (Dkt. 1 at p. 4).[3] Frosch complains that, over the course of his hearings, the Board has repeatedly cited the "criminal history" and "drug or alcohol involvement" reasons when denying him early release; Frosch argues that the Board's repeated reliance on these reasons violates the Double Jeopardy Clause (Dkt. 1 at p. 4). Frosch also complains of a very specific due process violation: he claims that, in January of 2017, the Board denied him early release based in part on gang affiliation (reason number 10 in the Board's directives) even though he had completed the process of formally disassociating himself from his gang in December of 2016, a month prior to the Board's determination (Dkt. 1 at p. 4). Notably, Frosch does not seek immediate or expedited release. Rather, he simply requests that the Court "file an injunction to where the [Board] can't deny liberty for the same things twice and make sure that we get a fair hearing with updated information" (Dkt. 1 at p. 4).

---

[3] Strangely, Frosch never mentions the June 2017 review in his complaint, even though he filed the complaint in October of 2017 (Dkt. 1 at p. 5). Frosch also refers to the March 2016 and January 2017 reviews as "parole" reviews. It is unclear whether the March 2016 and January 2017 reviews were for early release on parole or early release on mandatory supervision. To the extent that Frosch is trying to challenge denial of parole release (as opposed to denial of mandatory supervision release) on due process grounds, he cannot do so. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.").

## II. **THE PLRA**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Frosch, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Frosch proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. PROCEDURAL DUE PROCESS

Frosch might have stated a due process claim (though the Court is not so holding), but even if he has that claim has been rendered moot by the Board's latest denial of his release to mandatory supervision. The Due Process Clause does not include a general right to conditional release before the expiration of a valid sentence, and the Texas parole statutes do not create a Constitutionally protected liberty interest because parole in Texas is entirely discretionary. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Teague*, 482 F.3d at 774; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). However, Texas state inmates who are eligible for release on mandatory supervision have a protected liberty interest—an "expectancy of release"—"that Texas may not deprive [them] of without the requisite due process." *Boss v. Quarterman*, 552 F.3d 425, 427 (5th Cir. 2008) (quotation marks omitted). The baseline requisite due

6

process consists of an opportunity for the inmate to be heard and, in the event of a denial, notice to the inmate as to the respects in which he falls short of qualifying for mandatory supervision. *Greenholtz*, 442 U.S. at 16; *Boss*, 552 F.3d at 427–29; *see also Gonzalez v. Thaler*, 351 Fed. App'x 946, 948 (5th Cir. 2009).[4] The Board provides adequate notice of the reasons for denial when it—as it did here—simply quotes from the reasons listed in its own directives; due process does not require the Board to specify particular evidence in the inmate's record to support its decision. *Boss*, 552 F.3d at 427–29.

Frosch does not specifically contend that he was deprived of either an opportunity to be heard or a statement of the reasons for the denial of his release to mandatory supervision. His allegation is instead that the Board violated his due process rights because it relied on inaccurate information about his gang membership to deny him early release (Dkt. 1 at p. 4). He claims that, in January of 2017, the Board denied him early release based in part on a no-longer-accurate belief that he was a gang member (Frosch completed the process of formally renouncing his gang membership in December of 2016); and he asks for an injunction requiring the Board to consider only up-to-date information in future proceedings (Dkt. 1 at p. 4). Liberally construed, this could be a claim that, in January of 2017, Frosch was not given an adequate opportunity to inform the Board that he had just completed TDCJ's formal gang-membership-renunciation

---

[4] In implementing *Greenholtz*'s hearing requirement, the Texas Court of Criminal Appeals has set forth a standard that does not require live hearings before the Board but does require prior notice to the inmate of imminent consideration for mandatory supervision release so that the inmate can then provide the Board with any information the inmate deems relevant. *Ex parte Geiken*, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000). If release is denied, the inmate must be informed of the respects in which he or she falls short of qualifying for early release. *Id.*

program, which led to the Board's premising its decision on incorrect information. Such a claim could be rooted in the *Greenholtz* Court's admonition that due process calls for procedures that "adequately safeguard . . . against serious risks of error[,]" including the risk "that relevant adverse factual information in the inmate's file is wholly inaccurate." *Greenholtz*, 442 U.S. at 15 & n. 7. But Frosch was considered for release to mandatory supervision later, in June of 2017, and the Board denied him release, this time without citing gang membership as a reason. In other words, Frosch has already gotten the relief that he seeks, and his claim is moot as a result. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (quotation marks omitted). "If a claim is moot, it presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *National Rifle Ass'n of America v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) (quotation marks omitted). And, as noted earlier, if the January 2017 review was for parole release rather than mandatory supervision release, Frosch has no due process claim anyway. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

### IV. <u>DOUBLE JEOPARDY</u>

Frosch cannot state a double jeopardy claim based on denial of early release. He argues that the Board is violating the Double Jeopardy Clause by repeatedly relying on his "criminal history" and "drug or alcohol involvement" (reasons number 1 and 3 in the Board's directives) when denying him early release, and he seeks an injunction

8

prohibiting the Board from "deny[ing] liberty for the same things twice" in future proceedings (Dkt. 1 at pp. 3–4). In Frosch's view, the multiple denials of his early release constitute multiple punishments for the same crime.

The Double Jeopardy Clause does indeed "protect . . . against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Frosch is incorrect about what constitutes "punishment," however. A denial of early release is not a new punishment; it is simply a denial of the opportunity to serve less than the full punishment to which the inmate was originally sentenced. As discussed above, the denial of that opportunity might raise due process questions (though it usually won't), but it will not violate the Double Jeopardy Clause. One obvious analogy is to the revocation of parole or probation. A sentence imposed after the revocation of parole or probation is not a new punishment but is rather part of the penalty for the original conviction. *Johnson v. United States*, 529 U.S. 694, 700–01 (2000). "[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). The same is true of the denial of early release.

The Court will dismiss this complaint. The Court notes that it need not give Frosch an opportunity to replead at this juncture. Frosch's due process claim is being dismissed without prejudice (and is in no imminent danger of being time-barred), and Frosch has no possible claim under the Double Jeopardy Clause. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a district court may dismiss a *pro se* complaint for

failure to state a claim without giving leave to amend when the dismissal is without prejudice or the plaintiff has alleged his best case).

V. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Frosch's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Frosch's due process claim is dismissed without prejudice as moot, while his double jeopardy claim is dismissed with prejudice for failure to state a claim.

2. Frosch's motion for leave to proceed *in forma pauperis* will be granted by separate order. All other pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas on December 27, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE